AO 245B (Rev. 3/96) Sheet 1 - Judgment in a Criminal Case (USAO 06/99)

# UNITED STATES DISTRICT COURT
## Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| NORMAN HUGH SMITH | Case Number: CR00-186 |
| | Allen Bentley |
| | Defendant's Attorney |

THE DEFENDANT:

X   pleaded guilty to counts  2, 3, 4, and 5

___ pleaded nolo contendere to count(s) _____
which was accepted by the court.

___ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. § 7206(1) | Making and Subscribing a False Individual Tax Return | 04/15/94 | 2 |
| 26 U.S.C. § 7206(1) | Making and Subscribing a False Individual Tax Return | 04/15/95 | 3 |
| 26 U.S.C. § 7206(1) | Making and Subscribing a False Corporate Tax Return | 07/14/94 | 4 |
| 26 U.S.C. § 7206(1) | Making and Subscribing a False Corporate Tax Return | 06/19/95 | 5 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____

X   Counts  1, 6, and 7  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 07/27/43

Defendant's USM No.: 29925-086

Defendant's Residence Address:
22509 9th SE
Bothell, WA 98021

Defendant's Mailing Address:
Same as above

PATRICK F. STOKES
Trial Attorney, U.S. Department of Justice

March 30, 2001
Date of Imposition of Sentence

Signature of Judicial Officer

THE HONORABLE THOMAS S. ZILLY
United States District Judge
Name & Title of Judicial Officer

4/18/2001
Date

MARSHAL'S RETURN
APR 18 2001
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                  DEPUTY

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____ Deputy Clerk

CR 00-00186 #00000133

Defendant    NORMAN HUGH SMITH                    Judgment--Page 2 of 6
Case Number CR00-186Z

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    THIRTY-SIX (36) MONTHS

__X__ The court makes the following recommendations to the Bureau of Prisons.

DEFENDANT SHALL SERVE HIS SENTENCE AT THE FEDERAL PRISON AT SHERIDAN, OREGON

___ The defendant is remanded to the custody of the United States Marshal

___ The defendant shall surrender to the United States Marshal for this district:

    ___ at ___ a m /p m on _____
    ___ as notified by the United States Marshal

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 2 p m on _____
    ___ as notified by the United States Marshal
    __X__ as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows

Defendant ~~delivered~~ v/s on 5-29-01 to FPC, Sheridan at Sheridan, Oregon, with a certified copy of this judgment

                            Robert A. Hood, Warden
                            ~~United States Marshal~~

                By    Debra K Patton, ISS
                            ~~Deputy U.S. Marshal~~

Defendant    NORMAN HUGH SMITH                                   Judgment--Page 3 of 6
Case Number. CR00-186Z

## SUPERVISED RELEASE

Upon release from imprisonment the defendant shall be on supervised release for a term of ONE (1) YEAR.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons

The defendant shall not commit another federal, state, or local crime

The defendant shall not illegally possess a controlled substance

*For offenses committed on or after September 13, 1994:*

___    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer

_X_    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse (Check if applicable)

_X_    The defendant shall not possess a firearm as defined in 18 U S C § 921 (Check if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) The defendant shall also comply with the additional conditions on the attached page (if indicated below)

### SEE ATTACHED ADDITIONAL SUPERVISED RELEASE TERMS
### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month,
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer
4) the defendant shall support his or her dependents and meet other family responsibilities
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling training, or other acceptable reasons
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment
7) the defendant shall refrain from excessive use of alcohol and shall not purchase possess use distribute or administer any controlled substance or any paraphernalia related to any controlled substance except as prescribed by a physician
8) the defendant shall not frequent places where controlled substances are illegally sold, used distributed or administered
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer,
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court,
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement

Defendant: NORMAN HUGH SMITH  Judgment--Page 4 of 6
Case Number  CR00-186Z

# ADDITIONAL SUPERVISED RELEASE TERMS

1   The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921

2   The defendant shall submit to a search of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a U S Probation Officer

3   A fine in the amount of $7,500.00 is due immediately. Any unpaid amount is to be paid during the period of supervision as directed by his U S Probation Officer. Interest on the fine shall not be waived

4   The defendant shall provide his U S Probation Officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of his federal income tax returns

5   The defendant shall maintain a single checking account in his name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the U S Probation Office

6   If the defendant maintains interest in any business or enterprise, the defendant, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the U.S Probation Office

7   The defendant shall disclose all assets and liabilities to the U S Probation Office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the U S Probation Office

8   The defendant shall allow a U S Probation Officer to inspect any personal computer owned or operated by the defendant

9   The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of his U S Probation Officer

10   The defendant shall not be self-employed nor shall he be employed by friends, relatives, associates or persons previously known to him, unless approved by the U S Probation Officer. The defendant will not accept or begin employment without prior approval by the U S Probation Officer and employment shall be subject to continuous review and verification by the U S Probation Office. The defendant shall not work for cash and his employment shall provide regular pay stubs with the appropriate deductions for taxes

11   The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than his true legal name, without the prior written approval of his U S Probation Officer

12   The defendant shall cooperate with and furnish personal and corporate financial information, records, and statements to the Internal Revenue Service, Examination Division, in order to determine all taxes due and owing with respect to himself and Precision Laboratory Plastics, Inc., including interest and penalties, and shall file with the Internal Revenue Service correct U S Individual Income Tax Returns for himself and U S Corporation Income Tax Returns for Precision Laboratory Plastics, Inc, for the years 1993 through 1995 in a timely fashion. Copies of said tax returns shall be provided to the U S Probation Office. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with the Collection Division of the Internal Revenue Service. Within 10 days of the execution of any installment agreement, defendant shall provide the U S Probation Office with a copy of any written and approved agreement with the Internal Revenue Service for the payment of any outstanding tax liability



• AO 245B (Rev 8/96) Sheet 5, Part A - Criminal Monetary Penalties (USAO 06/99)

Defendant: NORMAN HUGH SMITH  Judgment--Page 5 of 6
Case Number CR00-186Z

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5 Part B

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $ 200 00 | $ 7,500 00 | $ 0 |

___ If applicable, restitution amount ordered pursuant to plea agreement     $ _____

## FINE

___ **The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.**

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

## RESTITUTION

___ The determination of restitution is deferred until _____ An Amended Judgment in a Criminal Case will be entered after such determination

_X_ The defendant shall make restitution to the following payees in the amounts listed below

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | $ 0 | $ 0 | |
| **Totals:** | $ _____ | $ _____ | |

## INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500 00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U S C § 3612(f) All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U S C § 3612(g)

___ The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that
    ___ The interest requirement is waived
    ___ The interest requirement is modified as follows

*Findings for the total amount of losses are required under Chapters 109A 110 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996



AO 245B (Rev 8/96) Sheet 5, Part B - Criminal Monetary Penalties (USAO 06/99)

| | |
|---|---|
| Defendant    NORMAN HUGH SMITH | Judgment--Page 6 of 6 |
| Case Number  CR00-186Z | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment, (2) restitution; (3) fine principal; (4) cost of prosecution, (5) interest, (6) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows

A  _X_  in full immediately, or

B  ___  $ _____ immediately, balance due (in accordance with C, D, or E), or

C  ___  not later than _____, or

D  ___  in installments to commence ___ day(s) after the date of this judgment  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ___  in _____ (e g., equal, weekly, monthly, quarterly) installments of $ ___ over a period of ___ year(s) to commence ___ day(s) after the date of this judgment

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed

Special instructions regarding the payment of criminal monetary penalties

XX    MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO

United States District Court Clerk, Western District of Washington  For restitution payments, the Court is to forward money received to_____  See address on page _____ of this judgment

___   The defendant shall pay the cost of prosecution

___   The defendant shall forfeit the defendant's interest in the following property to the United States

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney