Judge Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR 00 0186 Z |
| | ) | |
| Plaintiff, | ) | DEFENDANT SMITH'S |
| v. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION FOR BOND |
| NORMAN HUGH SMITH, | ) | PENDING APPEAL |
| Defendant | ) | |

Norman Hugh Smith, having filed a notice of appeal of the order revoking his term of supervised release in this matter, is asking the court to set conditions of bond pending appeal and staying imposition of sentence pending further order of the court or until the instant appeal has been determined.

The specific conditions of release suggested by Mr. Smith are the same as the appearance bond entered November 16, 2004, which are presently applicable to him.  In addition to requiring

DEFENDANT SMITH'S MEMRANDUM IN SUPPORT OF
MOTION FOR BOND PENDINGAPPEAL - 1-

TERRENCE KELLOGG
PACIFIC BUILDING, SUITE 1900
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206)  447-1815

continued reporting to his supervising probation officer, restrictions on travel, and compliance with the terms and conditions of supervised release originally imposed, the present appearance bond also has collateral in the amount of $15,000 posted with the court as personal surety for compliance with the conditions of release. Mr. Smith is in agreement that these are appropriate conditions for the court to impose pending appeal.

*Authority for Release:*

In *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994), at 1530-31, the Court found "[T]he Federal Rules of Criminal Procedure and the Bail Reform Act contain no reference to bail pending appeal of an order revoking probation or supervised release."

The court in *Loya* noted *United States v. Bell*, 820 F.2d 980 (9th Cir. 1987), which presented the direct issue as to setting a bond pending appeal following revocation of probation. The court in *Bell* adopted the "exceptional circumstances" test set forth in *United States v Lacey*, 643 F.2d 284 (5th Cir. 1981) after finding the provisions of the Bail Reform Act of 1984, 18 U.S.C. section 3143(b), did not apply to bond pending appeal following revocation of probation.

DEFENDANT SMITH'S MEMRANDUM IN SUPPORT OF
MOTION FOR BOND PENDINGAPPEAL - 2-

TERRENCE KELLOGG
PACIFIC BUILDING, SUITE 1900
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 447-1815

Although the precise wording of the current version of 18 U.S.C. 3143(b)(1) setting forth its applicability to " ... a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ...", is distinct from the version addressed in *Bell*, supra, which provided "a Federal appellate court, shall order that ...pending appeal *of conviction or sentence*, a person be released or detained pursuant to the provisions of this chapter" (emphasis added in *Bell*), the import has not changed.

The defense submits under either the test set forth in *Bell* or the two-part test set forth in 18 U.S.C. sec. 3143(b)(1), Smith should have his bail set in accordance with the defense suggestion set forth above.

The defendant is not likely to flee or pose a danger to the safety of another in the community given his term of supervision and the length of time (one year) following his term of supervision that he was on release pending resolution of these allegations of violation.

The "exceptional circumstances" test of *Bell* includes not only raising substantial claims upon which the opponent has a high probability of success, but also independent consideration of any

DEFENDANT SMITH'S MEMRANDUM IN SUPPORT OF
MOTION FOR BOND PENDINGAPPEAL - 3-

TERRENCE KELLOGG
PACIFIC BUILDING, SUITE 1900
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 447-1815

unusual delays in the processing of the appeal.  The latter provision is similar to that set forth in 18 U.S.C. 3143(b)(1)(B)(iv), which requires the court consider the expected duration of the appeal process in determining whether not conditions of release should be imposed.

It is the defense position that the "substantial question of law or fact likely to result in a reversal or … reduced sentence…", 18 USC 3143(b)(1), or " substantial claims upon which the appellant has a high probability of success", *Bell*, supra, test is met by the issue appellant Smith intends to raise on appeal.

The issue is whether or not the court erred in determining Smith was required, under the conditions of supervised release, to report assets, such as the F/V Alliance or the Off-shore Adventures checking account, under the circumstances presented by this case, including ownership of both assets by a corporate entity of which Smith did not own any stock.

As a practical matter, in the absence of conditions of release pending appeal which could be met by Smith, the appeal would be moot in that it would not be determined prior to the completion of the nine month term of imprisonment ordered by the court. See

DEFENDANT SMITH'S MEMRANDUM IN SUPPORT OF
MOTION FOR BOND PENDINGAPPEAL - 4-

TERRENCE KELLOGG
PACIFIC BUILDING, SUITE 1900
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 447-1815

*United States v. Palomba*, 182 F.3d 1121 (9th Cir. 1999).

Because of this, the court is asked to find the test of "exceptional circumstances" set forth in *Bell, supra,* has been met and that the test of 18 USC 3143(b)(1)(B), that the appeal raise a substantial question of law or fact likely to result in a reversal or reduced sentence, is either not applicable in these circumstances or has been met by Smith under the facts presented.

Dated : November 23rd, 2005

                                      Respectfully submitted,

                                      S/_____
                                      Terrence Kellogg,
                                      Attorney for Norman Hugh Smith
                                      WA. State Bar # 6452
                                      1900 Pacific Bg.
                                      720 Third Ave.
                                      Seattle, WA. 98104
                                      Telephone: (206) 447-1815
                                      Fax: (206) 447-1901
                                      E-Mail: tklaw@netos.com

DEFENDANT SMITH'S MEMRANDUM IN SUPPORT OF
MOTION FOR BOND PENDINGAPPEAL - 5-

TERRENCE KELLOGG
PACIFIC BUILDING, SUITE 1900
720 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 447-1815